IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHRISTINA CHURCHWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, ) | Case No.: 2:19-cv-2779 |
| Serve at: ) | |
| Corporation Service Company ) | |
| 2900 SW Wanamaker Dr., Ste. 204 ) | |
| Topeka, KS 66614 ) | |
| ) | |
| Defendant. ) | <u>Jury Demanded</u> |

**<u>COMPLAINT SEEKING DAMAGES FOR VIOLATIONS OF
THE FAIR DEBT COLLECTION PRACTICES ACT</u>**

Plaintiff, Christina Churchwell, by counsel, files this Complaint seeking Damages for Violations of the Fair Debt Collection Practices Act in the above-captioned action, and hereby states as follows:

**Introduction**

1. This case is an action for actual damages, statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq* (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. *Id.*

2. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. *Id.*

3. If a violation occurs, "the FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional." *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010).

4. Even a single violation of the FDCPA is sufficient to support liability. *Taylor v. Perrin, Landry, deLaunay, & Durand*, 103 F.3d 1232, 1238 (5th Cir. 1997).

## Jurisdiction

5. The Court has concurrent jurisdiction over the FDCPA pursuant to 15 U.S.C. § 1692k(d).

## Venue

6. Venue is proper in this Judicial District.

7. The acts and transactions alleged herein occurred in this Judicial District.

8. Plaintiff resides in this Judicial District.

9. Defendant transacts business in this Judicial District.

## Standing

10. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

11. Plaintiff's injuries, which are traceable to Defendant's conduct, include suffering from frustration, anxiety, stress, emotional duress, and lost time.

12. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff. <u>Bellwood v. Dwivedi</u>, 895 F.2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations

and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

13. Plaintiff also suffered damage to her credit score as a result of Defendant's actions in attempting to collect the alleged debt underlying this cause of action.

## Parties

14. Plaintiff, Christina Churchwell, is a natural person.

15. Plaintiff is a "consumer" as that term is defined by § 1692a.

16. Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

17. Plaintiff has, at all times relevant herein, resided in Osawatomie, Kansas.

18. Defendant, Portfolio Recovery Associates, LLC ("Defendant") is, and has been at all times relevant to this action, a Delaware limited liability company which conducts and transacts business in the State of Kansas and which is registered with the Kansas Secretary of State as a foreign limited liability company.  Its registered agent and office is Corporation Service Company, 2900 SW Wanamaker Dr., Ste. 204, Topeka, KS 66614.  (Exhibit A, Record from Kansas Secretary of State).

19. Defendant acts as a debt collector, as defined by § 1692a(6) of the FDCPA because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts.

20. Defendant's principal purpose is the collection of debts.

21. Defendant is a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## **FACTUAL ALLEGATIONS**

22. Plaintiff allegedly incurred a debt that was primarily for personal, family or household purposes as defined by § 1692a(5).

23. Defendant was subsequently retained, hired or otherwise assigned the alleged debt for collection.

24. Plaintiff disputes the alleged debt.

25. Plaintiff requests that Defendant cease all further communication on the alleged debt.

26. Defendant spoke with Plaintiff, or representatives from Plaintiff, multiple times via telephone prior to October 8, 2019.

27. The purpose of those telephone calls made to Plaintiff by Defendant was an attempt to collect a debt.

28. Plaintiff communicated directly to Defendant on multiple occasions that she disputed the alleged debt and refused to pay the debt.

29. In an effort to resolve the alleged debt, and out of fear of being sued or having her bank account be subject to garnishment, Plaintiff offered $2,000 to Defendant in an attempt to make the collections efforts stop. Defendant refused.

30. Defendant continued to contact Plaintiff in an attempt to collect the debt.

31. Defendant then filed a lawsuit against Plaintiff in the District Court of Miami County, Kansas. ( "Collection Suit").

32. Plaintiff, without assistance of Counsel, filed an Answer to Plaintiff's Petition on or about October 8, 2019. (Exhibit B).

33. In Plaintiff's Answer, she stated "I did not charge this. I called Priceline (original creditor) and notified them twice it was stolen." (*see* Exhibit B).

34. Shortly thereafter, and also on October 8, 2019, Plaintiff filed an Amended Answer to Plaintiff's Petition. (Exhibit C).

35. In Plaintiff's Amended Answer, she stated "I owe Portfolio 0.00. I signed nothing, I don't owe any debt due to not signing anything stating I owe or would pay back. Portfolio gave me nothing. I owe nothing. I never signed anything for Priceline (n)either. I owe them nothing. …" (*see* Exhibit C).

36. Plaintiff's statements in her Answer and Amended Answer constitute disputes of the alleged debt.

37. Plaintiff mailed a copy of her Answer and Amended Answer to Counsel for Defendant in the Collection Suit.

38. Thereafter, on October 8, 2019, Defendant reported to Transunion a balance of $9,743.00, among other account, information, but failed to report that Plaintiff disputed the alleged debt. (Exhibit D, excerpts from Plaintiff's November 2019 Transunion credit report).

39. Then, on October 27, 2019, Defendant reported to Equifax a balance of $9.743.00, among other account information, but failed again to report that Plaintiff disputed the alleged debt. (Exhibit E, excerpts from Plaintiff's November 2019 Equifax credit report.

40. Credit reporting by a debt collector constitutes an attempt to collect a debt. *See, e.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

41. "An inaccurate credit report produces a variety of negative effects. For instance, it is 'a red flag to the debtor's other creditors and anyone who runs a background or credit check, including landlords and employers.'" *Evans v. Portfolio Recovery Associates*, 2018 U.S.App.

LEXIS 11372 (7th Cir. 2018); (quoting *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076, 1082 (7th Cir. 2013).

42. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See *Kalebaugh v. Berman & Rabin, P.A.*, No. 13-2288-DDC-TJJ, 2014 WL 4259150, at *5 (D. Kan. Aug. 28, 2014).

43. The FDCPA is a remedial statute that "should be construed liberally in favor of the consumer." *Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir. 2002).

44. As a result of Defendant's actions, Plaintiff has suffered frustration, anxiety, stress, emotional duress, and lost time to attend to this matter.

## FAILURE TO NOTATE DISPUTE

45. Plaintiff restates and re-alleges the above is if fully set forth herein.

46. Defendant failed to report the alleged debt as disputed on either of Plaintiff's two credit reports. (*see* Exhibits D and E).

47. Defendant materially lowered Plaintiff's credit score by failing to notate Plaintiff's dispute.

48. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

49. "The plain language of § 1692e(8) requires debt collectors to communicate the disputed status of a debt if the debt collector "knows or should know" that the debt is disputed." *Brady v. Credit Recovery Co., Inc.*, 160 F.3d 64, 67 (1st Cir. 1998).

50. "[I]f a debt collector *elects* to communicate 'credit information' about a consumer, it must not omit a piece of information that is *always material*, namely, that the consumer has disputed a particular debt." *Wilhelm v. Credico, Inc.*, 519 F.3d 416, 418 (8th Cir. 2008).

51. "[T]he failure to inform a credit reporting agency that the debtor disputed his or her debt will *always* have influence on the debtor, as this information will be used to determine the debtor's credit score." *Evans v. Portfolio Recovery Associates*, 2018 U.S.App. LEXIS 11372 (7th Cir. 2018).

52. A debt reported with no dispute results in a much lower credit score than a report of both the debt and the dispute. *Saunders v. Branch Banking and Trust Co. of VA*, 526 F.3d 142, 146-47 (4th Cir. 2008).

53. Section 1692e(8) "requires a debt collector who knows or should know that a given debt is disputed to disclose its disputed status to persons inquiring about a consumer's credit history." *Luxenburg v. Equifax Credit Info. Servs.,* No. 03 C 5440, 2005 WL 78947, at *5 (N.D. Ill. Jan. 12, 2005) (citation omitted); *see also Brady v. Credit Recovery Co.,* 160 F.3d 64, 67 (1st Cir. 1998) (same).

54. Before October 2019, Defendant knew that Plaintiff disputed the alleged debt because Plaintiff told Defendant, or representatives of Defendant, that she disputed the debt via telephone.

55. Even though Defendant knew or should have known, prior to October 2019, that Plaintiff disputed owing the alleged debt, Defendant failed thereafter to communicate the fact of

Plaintiff's disputes to the Transunion and Equifax credit reporting agencies when Defendant communicated other information regarding the alleged debt, in violation of 15 U.S.C. § 1692e(8).

56. Defendant should have communicated to the Transunion and Equifax credit reporting agencies that the debt was disputed so Plaintiff's credit reports would accurately reflect such status.

57. Defendant violated the FDCPA by failing to communicate the alleged debt as disputed.

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

58. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

59. Defendant failed to communicate the fact of Plaintiff's dispute to the Transunion and Equifax credit reporting agencies when Defendant communicated other information regarding the alleged debt, in violation of 15 U.S.C. § 1692e(8), despite having knowledge of Plaintiff's dispute.

60. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, actual damages, costs, and reasonable attorney fees.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in him favor and against Defendant as follows:

   a. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

   b. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

   c. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

   d. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: /s/ Ryan M. Callahan
Ryan M. Callahan, KS 25363
James R. Crump, KS 78704
**Callahan Law Firm, LLC**
222 W. Gregory Blvd., Suite 210
Kansas City, MO 64114-1138
Ph: 816-822-4041
ryan@callahanlawkc.com